Brewster<br>v.<br>Dennis.

---

## JONATHAN STANDISH *versus* ABIEL WASHBURN *et al.*

On a complaint for flowing the plaintiff's meadow and thereby rendering it less productive, evidence on the part of the defendant that other meadows on the same stream had, from natural causes, exhibited the same marks of deterioration, was *held* to be inadmissible, unless accompanied with proof that such meadows were similar to the plaintiff's meadow.

THIS was a complaint against the defendants as mill owners, for flowing the plaintiff's land. The defendants claimed a prescriptive right to flow it.

At the trial, before *Dewey* J., evidence was introduced on both sides, as to the extent of the flowing.

The complainant introduced evidence tending to show that there had been a material change in the quality and quantity of the produce of his land within about ten years last past, as compared with the former products of the same land ; and this he relied on as furnishing some ground for the jury to infer that a change had taken place in the use of the defendants' mills and their effect upon his land. The defendants then proposed to prove by a witness whose land was not flowed,

Standish
*v.*
Washburn.

that changes in the quality and quantity of the produce of his land had also taken place during the same period.

The judge ruled, that the defendants might introduce evidence, that other meadows of a similar kind as to soil with that of the plaintiff, and situate in the vicinity, and not subject to overflowing by water, had also exhibited the same marks of deterioration as the plaintiff's, but the witness, when produced, 'iaving stated that his meadow was a fresh meadow situate two and a half miles from the plaintiff's meadow on the same stream, and that he had no knowledge of the particular character of the plaintiff's land, it was ruled, that unless the defendants proposed to accompany the testimony of the witness with some evidence tending to show a similarity between the two meadows, the testimony was inapplicable to the case. The defendants offered no such evidence, and the witness was excluded.

The jury returned a verdict for the plaintiff.

If the evidence was improperly rejected, a new trial was to be granted ; otherwise judgment was to be rendered on the verdict.

*Oct.* 23*d.*      *W. Baylies* and *Wood*, for the defendants, cited *Folkes* v. *Chad*, 1 Phillipps on Evid. (6th ed.) 276.

*Eddy* and *Warren*, for the plaintiff, cited *Bradford* v. *Boylston F. & M. Ins. Co.* 11 Pick. 162 ; *Carter* v. *Pryke*, Peake's Rep. 95 ; *Furneaux* v. *Hutchins*, Cowp. 807 ; *Morewood* v. *Wood*, 4 T. R. 157 ; *Sayre* v. *Earl of Rochford*, 2 W. Bl. 1165, 1169 ; 2 Stark. Evid. (Metcalf's ed.) 381.

*Oct.* 26*th.*      *Per Curiam.* Evidence that other meadows not similar to the plaintiff's, were from natural causes rendered less productive, would clearly be inadmissible. The defendants did not prove that the meadow of the witness was similar, and that fact is not to be presumed. It was at so great a distance that it may well be supposed to have been influenced by causes not affecting the plaintiff's meadow. The Court are of opinion that the rejection of the evidence offered by the defendants was right.

*Judgment on the verdict.*